943 F.2d 56
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Farrokh YAZDI, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 90-70024.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 12, 1991.
Decided Sept. 9, 1991.
 
 Before BRUNETTI and RYMER, Circuit Judges, and SHANSTROM*, District Judge.
 MEMORANDUM**
 I.
 Farrokh Aghai Yazdi petitions this court for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen and reconsider. We have jurisdiction pursuant to 8 U.S.C. § 1105(a)(1) and reverse.
 II.
 Yazdi is a citizen of Iran. In 1981 he entered the United States as a nonimmigrant student. His student visa was valid through July 23, 1985. On February 23, 1987, the Immigration and Naturalization Service ("INS") issued an Order to Show Cause ("OSC") why Yazdi should not be deported. The OSC alleged that Yazdi "violated the terms of [his] nonimmigrant status by willfully failing to provide full and truthfull [sic] information requested by this service" when he stated, in connection with an application for adjustment of status, that he was residing with his wife, Lori Provencher. At his deportation hearing Yazdi admitted the allegations in the OSC and conceded deportability.[1]
 Yazdi applied for asylum and withholding of deportation and, in the alternative, voluntary departure. The Immigration Judge ("IJ") heard testimony to determine if Yazdi was eligible for asylum or withholding of deportation. The IJ found Yazdi "failed to meet his burden of demonstrating a well-founded fear of persecution in his native Iran" and denied his application for asylum. The IJ concluded because "the burden of proof is even higher for withholding of deportation, he therefore fails to qualify for that relief as well." The IJ granted Yazdi's request for voluntary departure.
 Yazdi appealed the IJ's denial of asylum and withholding to the BIA. The Notice of Appeal stated: "We believe the Judge abused her discretion in denying the application for relief (Asylum)." No additional grounds were asserted and no appellate brief was filed.
 On April 14, 1989, Yazdi filed a motion before the BIA to reopen and reconsider his case. The motion alleged he "would suffer extreme hardship should he be forced to return to his native Iran" and was supported by a pro forma Application for Suspension of Deportation and a declaration signed by Yazdi. The Application for Suspension of Deportation states: "If unable to return to [the country of the applicant's birth, nationality, or last residence without fear of persecution], give reasons." Yazdi typed in the space provided: "I have great concern about what would happen to me should I be forced to return to my native country." The Application also indicates that three of his brothers presently reside in the United States while his mother, father, sister, and a fourth brother live in Iran.
 The supporting declaration included allegations that Yazdi would not be able to practice his profession as a pharmacist in Iran or work in major medical facilities, that he would be required to do military service, and while in the military "be subjected to the most degrading and humiliating assignments largely because of my training and the fact that that training was received in the United States." The declaration also stated that American students "continue to be subjected to harassment, discrimination, and even persecution."
 The BIA dismissed the appeal because Yazdi had "not meaningfully identified his reasons for taking an appeal."[2] The BIA then discussed the substantive claims in the motion to reopen. The BIA concluded:
 Upon consideration of all the foregoing, including the various hardships either claimed by the respondent or evident from the facts of record and assessed both individually and cumulatively, we find that the respondent has failed to establish prima facie "extreme hardship" to warrant a reopening of the deportation proceedings.
 Yazdi timely appealed the BIA's decision.
 III.
 Yazdi's motion to reopen is based on Section 244(a)(1) of the Immigration and Naturalization Act, 8 U.S.C. § 1254(a)(1). This section grants the Attorney General discretion to suspend deportation
 of an otherwise deportable aliens who (1) has been physically present in the United States for not less than seven years; (2) is a person of good moral character; and (3) is "a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence."
 INS v. Wang, 450 U.S. 139, 140 (1981) (quoting 8 U.S.C. § 1254(a)(1)). The INS concedes Yazdi has been physically present in the United States for seven years and is a person of good moral character. The parties disagree whether Yazdi's deportation will result in extreme hardship within the meaning of the statute.
 The BIA has "broad discretion to grant or deny a motion to reopen." Israel v. INS, 710 F.2d 601, 605 (9th Cir.1983), cert. denied, 465 U.S. 1068. The BIA may construe extreme hardship narrowly "as long as it considers all factors relevant to the hardship determination and states its reasons for denying the requested relief." Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986); see also Kashefi-Zihagh v. INS, 791 F.2d 708, 709 (9th Cir.1986) ("The BIA must consider all factors relevant to the extreme hardship determination and must state its reasons for denying relief showing that it has considered all factors.")
 A. BIA's failure to consider evidence supporting Yazdi's asylum claim.
 Yazdi first argues the BIA erred by failing to consider evidence of persecution presented at his asylum hearing before the IJ. We cannot agree the Board committed an abuse of discretion in this instance.
 A motion to reopen an immigration case is appropriate "in those cases in which the events or circumstances occurring after the order of deportation would satisfy the extreme-hardship standard." Wang, 450 U.S. at 139. The motion must "state the new facts to be proved at the reopened hearing," 8 C.F.R. § 3.8(a) (1990) (emphasis added), and
 shall not be granted unless it appears to the [BIA] that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing; nor shall any motion to reopen ... be granted ... unless the relief is sought on the basis of circumstances which have arisen subsequent to the [deportation] hearing.
 8 C.F.R. § 3.2 (1990) (emphasis added). Yazdi concedes the evidence of persecution he claims the Board did not address was evidence heard at his earlier asylum hearing. Thus, he did not allege "new facts" regarding persecution in his motion to reopen.
 Moreover, the BIA is not required to consider evidence of persecution in determining whether deportation would result in extreme hardship. Kashefi-Zihagh v. INS, 791 F.2d 708, 710 (9th Cir.1986). Even if Yazdi's motion had alleged new facts regarding persecution, "the BIA may conclude that [such facts] have no relation to a determination of 'extreme hardship' under section 244(a)(1)." Id. The BIA did not abuse its discretion in failing to consider evidence of persecution raised in Yazdi's earlier asylum proceeding.
 B. BIA's failure to consider the potential severance of Yazdi's family ties.
 Yazdi argues the BIA abused its discretion by failing to consider the possible severance of Yazdi's family ties in the United States in reviewing his assertion of hardship. Yazdi's motion to reopen does not clearly assert that deportation would lead to hardship because of severance of family ties. The Application for Suspension of Deportation states that Yazdi's three brothers live in the United States, while his mother, father, a sister, and a brother still live in Iran. His declaration in support of the motion adds that his parents "are in the process of Immigrating to the United States" and that a petition to accord his sister fifth preference status for admission to the United States has been filed.
 Yazdi is correct the BIA did not consider his rather veiled assertion of hardship resulting from severance of family ties. The BIA determined that Yazdi's motion was based purely on financial hardship. It states: "Mere financial hardship, unless combined with other factors such as advanced age, severe illness, familial ties, etc., does not amount to extreme hardship necessary to demonstrate eligibility for suspension of deportation.... No such additional factors exist here."
 Although it is a close question whether Yazdi actually raised the family severance issue, we find that the issue was raised to a sufficient extent to require a BIA consideration and discussion of the issue. The severance of family ties is a relevant factor to consider in determining hardship. Ramirez-Gonzalez v. INS, 695 F.2d 1208, 1211 (9th Cir.1983). The Board did not discuss this issue in its decision, and because we cannot say this error was harmless, we hold that the decision was an abuse of discretion. We therefore reverse and remand the decision denying Yazdi's Motion to Reopen to the BIA for further proceedings to consider the family severance issue.
 REVERSED AND REMANDED.
 
 
 
 *
 Honorable Jack D. Shanstrom, United States District Judge for the District of Montana, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 Yazdi testified at his deportation hearing that he never lived with Ms. Provencher [AR 81] and married her only to become a United States citizen. [AR 79]
 
 
 [2]
 In this appeal, Yazdi does not contest the dismissal of his appeal of the IJ's decision