974 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph Cortez GUCE; Jocelyn Robles Guce, Petitioners,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70393.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 18, 1992.*
Decided Sept. 9, 1992.
 
 Petition to Review a decision of the Immigration and Naturalization Service; No. Alq-xgb-hxw.
 I.N.S.
 PETITION DENIED.
 Before WIGGINS, O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph Cortez Guce and Jocelyn Robles Guce petition for review of a Board of Immigration Appeals (BIA) decision denying their motion to reopen deportation proceedings. The Guces contend that the BIA abused its discretion when it found that they had not established a prima facie case of statutory eligibility for suspension of deportation. We deny the petition and affirm.
 
 BACKGROUND
 
 3
 Joseph and Jocelyn Guce, citizens of the Philippines, entered the United States in July of 1982 on a nonimmigrant visa. They remained in this country after the expiration of the visa. In January of 1986, deportation proceedings were commenced against them. The immigration judge denied their request for asylum and withholding of deportation as well as their request for voluntary departure. The BIA affirmed the denial of asylum and withholding of deportation but reversed the denial of voluntary departure. On June 29, 1990, this court denied the Guces' petition for review.
 
 
 4
 On September 21, 1990, the Guces moved to reopen deportation proceedings in order to apply for suspension of deportation. Jocelyn Guce stated in an affidavit that the children speak English as their first language and "do not have a full command of Tagalog." The Guces argued that they had "made out a case for severe hardship in that their three United States citizen children would have to relinquish the only home they have ever known, relinquish the family-owned residence, and move to a country which is foreign to them and which is currently in great economic and political turmoil."
 
 
 5
 The BIA denied the motion to reopen because it found that they had "not made a prima facie showing that deportation would result in extreme hardship to themselves or their United States citizen children." The BIA pointed out that the Guces had lived in the Philippines until their mid-twenties and were familiar with the language and culture of that country, that Jocelyn Guce's parents and six siblings live in the Philippines, and that there was no allegation that Joseph Guce would not be able to find work there. The BIA noted that the children "have some knowledge of Tagalog" and found that "[t]heir adaptation to life in the Philippines should not be unduly difficult."
 
 DISCUSSION
 
 6
 The BIA may deny a motion to reopen if the movant has not established a prima facie case for the substantive relief sought. INS v. Abudu, 485 U.S. 94, 104-105, 108 S.Ct. 904, 911-12, 99 L.Ed.2d 90 (1988). To be eligible for suspension of deportation, an alien must have been present in the United States continuously for at least seven years, be a person of good moral character, and must show that deportation would result in extreme hardship to the alien or to a United States citizen spouse, parent, or child. 8 U.S.C. § 1254(a)(1). The BIA determined that the Guces did not demonstrate prima facie that deportation would result in extreme hardship to them or their children.
 
 
 7
 The Guces claim that the BIA erroneously failed to consider the hardship to their children if the children remained in the United States after their parents were deported. While we give deference to the BIA's findings, the BIA must "state its reasons and show proper consideration of all factors when weighing equities and denying relief." Cerillo-Perez v. INS, 809 F.2d 1419, 1422 (9th Cir.1987) (quoting Mattis v. INS, 774 F.2d 965, 968 (9th Cir.1985)). In Cerrillo-Perez we held that the BIA abused its discretion by failing to consider the hardship to United States citizen children if they were left in this country after the deportation of their alien parents. 809 F.2d at 1426.
 
 
 8
 In this case, however, the Guces presented no evidence to the BIA tending to show that they would or could leave their three young children behind in the United States. Jocelyn Guce's statement that "there will be no one who will be able to take care of the children" if she and her husband were deported does not suggest that the couple was considering leaving their children behind, but rather indicates that petitioners would be forced to take their children to the Philippines for lack of an alternative. Petitioners similarly argued to the Board that their deportation would oblige the children "to relinquish the only home they have ever known ... and move to a country which is foreign to them...." Because petitioners did not actually raise the prospect of family separation before the BIA and offered no evidence that it might take place, the BIA did not err by failing to consider it. Israel v. INS, 710 F.2d 601, 604 (9th Cir.1983), cert. denied, 465 U.S. 1068, 104 S.Ct. 1421, 79 L.Ed.2d 746 (1984).
 
 
 9
 To the extent the Guces claim that on the facts before it the BIA erred in finding that deportation would not cause extreme hardship, we disagree. "The common results of deportation or exclusion are insufficient to prove extreme hardship." Hassan v. INS, 927 F.2d 465, 468 (9th Cir.1991). Furthermore, "[a]n alien illegally present in the United States cannot gain a favored status merely by the birth of his citizen child." Cerrillo-Perez, 809 F.2d at 1425-26 (quoting Lee v. INS, 550 F.2d 554, 555 (9th Cir.1977)). The BIA did not abuse its discretion when it decided that the Guces failed to make a prima facie showing that either they or their children face a hardship beyond that normally attendant upon families in which the children are United States citizens and the parents face deportation.
 
 
 10
 Petition DENIED and BIA AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3