5 F.3d 536
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Gustavo FIGUEROA-RODRIGUEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70155.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 3, 1993.*
Decided Sept. 14, 1993.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, INS No. Aed-wwm-emk.
 BIA
 PETITION DENIED.
 Before: TANG, CANBY AND BEEZER, CIRCUIT JUDGES.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gustavo Figueroa-Rodriguez petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's denial of his application for suspension of deportation and voluntary departure. We deny the petition for review.
 
 
 3
 * Figueroa-Rodriguez, a native and citizen of Mexico, last entered the United States in 1978. In July 1987, the Immigration and Naturalization Service ("INS") issued an order to show cause alleging that Figueroa-Rodriguez was deportable under section 241(a)(2) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Sec. 1251(a)(2) (1988), because he had entered the United States without inspection. In July 1991, at a hearing before an immigration judge ("IJ"), Figueroa-Rodriguez admitted deportability under section 1251(a)(2), but sought suspension of deportation and voluntary departure. The IJ found that Figueroa-Rodriguez was deportable as charged, and that he was statutorily ineligible for suspension of deportation and voluntary departure. After the BIA dismissed his appeal, Figueroa-Rodriguez filed this petition for review.
 
 II
 
 4
 Figueroa-Rodriguez contends that the evidence before the IJ was insufficient to establish his statutory ineligiblity for suspension of deportation and voluntary departure. We disagree.
 
 
 5
 To establish eligibility for voluntary departure, the alien bears the burden of proving that he has been a person of good moral character for at least five years immediately preceding his application. Abedini v. INS, 971 F.2d 188, 192 (9th Cir.1992); 8 U.S.C. Sec. 1254(e)(1) (Supp.IV 1992). To be eligible for suspension of deportation, the alien must prove that he has been a person of good moral character for at least seven years immediately preceding his application. Israel v. INS, 710 F.2d 601, 604 (9th Cir.1983), cert. denied, 465 U.S. 1068 (1984); 8 U.S.C. Sec. 1254(a)(1) (1988). The INA, however, prohibits a finding that a person is of good moral character if the person, during the time period for which good character must be established, "has been confined, as a result of conviction, to a penal institution for an aggregate period of one hundred and eighty days or more[.]" 8 U.S.C. Sec. 1101(f)(7) (1988).
 
 
 6
 The evidence presented at the deportation hearing establishes that, on December 12, 1986, Figueroa-Rodriguez pleaded guilty in California state court to vehicular manslaughter with gross negligence, and driving while under the influence of alcohol and drugs and causing bodily injury. The evidence further establishes that, in January 1987, the state court sentenced Figueroa-Rodriguez to six years and eight months of imprisonment, and that he was released from prison on April 30, 1990. We find this evidence sufficient to prove that Figueroa-Rodriguez was confined for more than 180 days during either the five or seven year period prior to his 1991 application for relief from deportation. Accordingly, he was statutorily ineligible for either suspension of deportation or voluntary departure. See Abedini, 971 F.2d at 192; Israel, 710 F.2d at 604; 8 U.S.C. Sec. 1101(f)(7).
 
 
 7
 Figueroa-Rodriguez also argues that he was deprived of due process at the deportation hearing because the IJ did not allow him to present evidence concerning the extreme hardship he would suffer if he were deported. Because he was statutorily ineligible for suspension of deportation and voluntary departure, the IJ could not reach the question of extreme hardship. See Abedini, 971 F.2d at 192-93 ("[i]n addition to the statutory eligibility requirements, the applicant must also show equities meriting [voluntary departure]"); Israel, 710 F.2d at 604 ("[t]he alien carries the burden of demonstrating both statutory eligibility and equities meriting [suspension of deportation]"). Therefore, we find no error in the IJ's refusal to hear evidence on this issue.
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3