60 F.3d 833
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jalal KHARRAT, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70780.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided June 30, 1995.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, INS No. Amg-mgf-ykw.
 BIA
 PETITION DENIED.
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jalal Kharrat, a native and citizen of Syria, petitions for review of the Board of Immigration Appeals' ("BIA") decision, affirming the decision of an immigration judge ("IJ"), denying his application for asylum and withholding of deportation under 8 U.S.C. Secs. 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition.
 
 
 3
 Kharrat contends the the BIA erred by denying his request for asylum based on a fear of future persecution.[1] This contention lacks merit.
 
 
 4
 Asylum applicants have the burden of establishing a fear of future persecution which is both genuine and reasonable. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir. 1993). Where the IJ draws conclusions regarding the applicant's credibility, we give these conclusions substantial deference as long as they are "supported by a 'specific, cogent reason' for the disbelief." Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir. 1992) (citing Turcios V. INS, 821 F.2d 1396, 1399 (9th Cir. 1987)); see also Sarvia-Quintanilla v. INS, 767 F.2d 1387, 1395 (9th Cir. 1985) (discussing IJ's special competence to make credibility determinations).
 
 
 5
 Kharrat testified that while he was serving in the Syrian army in the early 1980's, he was also a member of the Muslim Brotherhood, an organization attempting to overthrow the government. The Syrian military detained Kharrat for approximately one month due to his involvement with the Muslim Brotherhood and beat him so that he would provide information about the Brotherhood. After he was released, Kharrat remained in Syria for approximately one month, but eventually fled to France and then came to the United States. Kharrat testified that the Syrian government wants to kill him due to his prior involvement in the Muslim Brotherhood and because he deserted the Syrian army.
 
 
 6
 The IJ indicated that he had "considerable reservations" regarding Kharrat's credibility. These reservations were based on Kharrat's demeanor and evasiveness at his hearing as well as the inconsistencies and lack of detail in Kharrat's testimony. The IJ also indicated that Kharrat's persecution claim was undermined by his testimony that he had remained in Syria after being released from detention and suffered no additional persecution. Finally, the IJ concluded it was difficult to believe that the Syrian government still would want to kill Kharrat thirteen years after the events in question.
 
 
 7
 Echoing the IJ's concerns regarding Kharrat's credibility, the BIA affirmed the denial of Kharrat's application for asylum. Because the IJ provided specific, cogent reasons for his adverse credibility determination, and because we find that Kharrat failed to meet his burden of establishing eligibility for asylum, we conclude that the IJ's denial of Kharrat's application for asylum based on a fear of future persecution was supported by substantial evidence. See Berroteran-Melendez, 955 F.2d at 1256-57; Turcios, 821 F.2d at 1399.[2]
 
 
 8
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Although Kharrat argued before the BIA that he should be granted asylum on the basis of past persecution, he did not raise the issue in his appeal to this court. Therefore, Kharrat's claim of eligibility for asylum based on past persecution is deemed waived. See Israel v. INS, 710 F.2d 601, 606 (9th Cir. 1983), cert. denied, 465 U.S. 1068 (1984)
 
 
 [2]
 Because the standard for withholding deportation under 8 U.S.C. Sec. 1253(h)(1) is higher than the standard for a grant of asylum under 8 U.S.C. Sec. 1158(a), and because Kharrat has failed to meet the lower standard for a grant of asylum based on fear of future persecution, we affirm the IJ's denial of request for withholding of deportation. See Acewicz, 984 F.2d at 1062