60 F.3d 834
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Alejandro Jose ORTIZ, aka Alejandro Ortiz; Alejandra Mariela
Ortiz, aka Alejandra M. Flores; Alejandra Del
Socorro Ortiz. Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70274.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided June 30, 1995.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, INS Nos. Aos-mie-jkt, Aic-tgz-lua and Acd-rah-vmp;
 BIA
 PETITION DENIED.
 Before: O'SCANNLAIN, LEAVY and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alejandro Jose Ortiz, Alejandra Mariela Ortiz and Alejandra Del Socorro Ortiz ("petitioners"), natives and citizens of Nicaragua, petition for review of the Board of Immigration Appeals' ("BIA") decision denying the petitioners' motion to reopen deportation proceedings to apply for suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act, ("INA"), 8 U.S.C. Sec. 1254(a)(1). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition.
 
 
 3
 We review for abuse of discretion the BIA's denial of a motion to reopen deportation proceedings. INS v. Doherty, 502 U.S. 314, 324 (1992). We will uphold the BIA's determination unless it is "arbitrary, irrational, or contrary to law." Santana-Figueroa v. INS, 644 F.2d 1354, 1355 (9th Cir. 1981).
 
 
 4
 Petitioners' contention that the BIA erred by concluding that their oldest daughter did not establish extreme hardship is meritless. The BIA noted that petitioners' oldest daughter may experience difficulty in adjusting to her new culture, but concluded that her ability to speak Spanish would assist her in the transition. Because adjustment to a new culture does not constitute extreme hardship, we cannot say that the BIA abused its discretion by making this determination. See Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir. 1986) (holding that readjusting to life in one's native land is the type of hardship experienced by most aliens who have spent time abroad).
 
 
 5
 We reject petitioners' claim that the BIA erred by concluding that the petitioners failed to establish their inability to find employment in Nicaragua. In its order, the BIA considered two newspaper articles which petitioners produced in support of their motion. We agree with the BIA that these newspaper articles, absent other evidence, did not establish petitioners' inability to find employment, but rather merely documented the general economic conditions existing in Nicaragua. See Carnalla-Munoz v. INS, 627 F.2d 1004, 1006 (9th Cir. 1980) (holding that mere differences in economic conditions does not constitute extreme hardship).
 
 
 6
 We also reject petitioners' claim that the BIA abused its discretion by refusing to consider as evidence a document entitled "affidavit," which contained, among other things, allegations concerning the existence of family ties in the United States. Petitioners' document was unsworn and written in the third person. Moreover, because the document was unsigned, it could not be considered a declaration under 28 U.S.C. Sec. 1746. 28 U.S.C. Sec. 1746: see Hernandez-Ortiz v. INS, 777 F.2d 509, 518 (9th Cir. 1985) (treating declaration as evidence). Under these circumstances, we cannot say that the BIA abused its discretion by refusing to consider the allegations in this document.
 
 
 7
 Petitioners' contention that the BIA abused its discretion by failing to consider the adverse consequences of deportation on their citizen daughter lacks merit because petitioners failed to present any evidence of hardship in support of their motion.[1] See Israel v. INS, 710 F.2d 601, 606 (9th Cir. 1983) (stating that the BIA need not consider allegations unsupported by affidavits or other evidentiary material), cert. denied, 465 U.S. 1068 (1984); Hassan v. INS, 927 F.2d 465, 468 (9th Cir. 1991) (stating that extreme hardship will not be found absent a showing of significant actual or potential injury).
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, the petitioners' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We decline to consider petitioners' claim that the BIA abused its discretion by failing to consider the possibility of separation from their citizen daughter as a result of deportation because petitioners failed to raise this issue before the BIA. See Israel v. INS, 710 F.2d 601, 606 (9th Cir. 1983), cert. denied, 465 U.S. 1068 (1984)