66 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hector Miguel MOLINA-SALINAS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70895.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1995.*
Decided Sept. 8, 1995.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hector Miguel Molina-Salinas, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the decision of the immigration judge ("IJ"), denying his application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Secs. 1158(a) and 1253(h), and granting him voluntary departure. We have jurisdiction under 8 U.S.C. Sec. 1105a(a) and deny the petition.
 
 
 3
 Because the BIA affirmed for the reasons set forth in the IJ's decision, "we treat the IJ's statement of reasons as the BIA's and review the IJ's decision for abuse of discretion." Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). The factual findings underlying the decision are reviewed under the extremely deferential substantial evidence standard. Ghaly v. INS, 58 F.3d 1425, 1431 (9th Cir.1995). To reverse the IJ, "we must find that the evidence not only supports [petitioner's] conclusion, but compels it." INS v. Elias-Zacarias, 502 U.S. 478, 480 n. 1 (1992) (emphasis in original).
 
 
 4
 Asylum applicants have the burden of establishing a fear of persecution which is both genuine and reasonable. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). Asylum applicants alleging persecution "must [also] present some evidence, direct or circumstantial, of the persecutor's motive." Canas-Segovia v. INS, 970 F.2d 599 (9th Cir.1992) (citing Elias-Zacarias, 502 U.S. at 482-84).
 
 
 5
 In his opening brief, Molina-Salinas contends that he would be persecuted in Nicaragua because he is a Jehovah's Witness. Molina-Salinas testified that he would not be able to practice his religion openly and freely due to the Nicaraguan government's distrust of religion. This testimony does not establish a reasonable fear of future persecution for two reasons. First, Molina-Salinas's testimony fails to establish that his exercise of religious freedom would be significantly restricted upon his return to Nicaragua; he has not established that he will be jailed, injured, or completely precluded from participating in worship. See Fisher v. INS, 1995 WL 447581, at * 10, 1994 U.S.App.
 
 
 6
 LEXIS 40827, at * 24-25 n. 10 (9th Cir.1994) (noting that although "persecution" is a broad concept, it is also "an extreme concept that does not include every sort of treatment our society regards as offensive") (citation and internal quotations omitted). Second, Molina-Salinas's testimony merely identified a general condition of life in Nicaragua--governmental suspicion of religion; he did not establish that he will be persecuted specifically because he is a Jehovah's Witness. See Estrada-Posadas v. INS, 924 F.2d 916, 920 (9th Cir.1991) (holding that asylum applicant must show "predicament [that] is appreciably different from the dangers faced by ... fellow citizens") (citations and internal quotations omitted).
 
 
 7
 Finally, Molina-Salinas submitted testimony and newspaper accounts stating that property held by Jehovah's Witnesses had been confiscated by the Sandinistas. The IJ stated that this evidence was inconclusive as to why property had been taken and as to whether the government still was confiscating property held by Jehovah's Witnesses. We are unable to conclude that the IJ abused his discretion when evaluating this evidence. See Ghaly, 58 F.3d at 1431.[1]
 
 
 8
 Because the standard for withholding of deportation is higher than the standard for a grant of asylum, and because Molina-Salinas has failed to meet the lower standard for a grant of asylum, we affirm the IJ's denial of request for withholding deportation. See Acewicz, 984 F.2d at 1062.
 
 
 9
 On July 17, 1995, Molina-Salinas filed a motion in this court seeking to stay the appellate proceedings until the BIA acts on his motion to reopen his deportation proceedings to allow him to apply for suspension of deportation. We deny this motion. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992) (explaining that appellate proceedings would not be stayed pending the BIA's disposition of a motion to reopen filed after the petition for review was filed because the potential for abuse of process to circumvent the BIA's discretionary power to grant or deny a stay of deportation outweighs concerns with judicial efficiency). In order to afford the petitioner an opportunity to seek a stay of deportation from the BIA pending resolution of his motion to reopen, however, we stay our mandate for 30 days. See id. at 1258.
 
 
 10
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, Molina-Salinas contends that he will also face persecution in Nicaragua because of his membership in a "particular social group." Because Molina-Salinas did not raise this issue before the BIA, he may not raise the issue before this court. Israel v. INS, 710 F.2d 601, 606 (9th Cir.1983), cert. denied, 465 U.S. 1068 (1984)