91 F.3d 152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jalal KHARRAT, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70559.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 9, 1996.
Decided July 19, 1996.
 
 Before: CHOY, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jalal Kharrat ("Kharrat"), a native and citizen of Syria, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen deportation proceedings. He argues that the BIA abused its discretion when it concluded that his newly submitted evidence failed to establish prima facie eligibility for a grant of asylum, pursuant to 8 U.S.C. § 1158(a), or withholding of deportation, pursuant to 8 U.S.C. § 1253(h). We deny the petition for review.
 
 
 3
 Kharrat did not petition for review of the decision of the BIA denying his request for asylum or withholding of deportation. Instead, Kharrat moved to reopen the proceedings pursuant to 8 C.F.R. § 3.2. The BIA concluded that nothing in the new evidence would cause it to change its decision denying asylum or withholding of deportation.
 
 
 4
 We conclude that the BIA did not abuse its discretion in denying Kharrat's motion to reopen. Kharrat failed to present new evidence establishing that he is or had been a member of the Muslim Brotherhood or that his prior detention and punishment had been caused by membership in that group. Without this showing, Kharrat's new evidence of the order of exile or the fact that members of the Muslim Brotherhood would be subject to persecution does not establish that Kharrat's punishment was caused by membership in that group or that he would have any reasonable basis for a fear of future persecution due to membership in that group.
 
 
 5
 Kharrat failed to satisfy his burden of establishing a prima facie showing of eligibility for a grant of asylum or withholding of deportation. The BIA properly denied his motion to reopen. See Hernandez-Ortiz v. I.N.S., 777 F.2d 509, 513 (9th Cir.1985); Maroufi v. I.N.S., 772 F.2d 5987, 599 (9th Cir.1985).
 
 
 6
 The petition for review is DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3