110 F.3d 68
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Guadelupe ESPARZA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70394.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 27, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Acy-dpq-muc.
 B.I.A.
 REVIEW DENIED.
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Guadelupe Esparza, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming a decision of the Immigration Judge ("IJ") denying Esparza's request for suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1254(a)(1). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 We review for an abuse of discretion the BIA's determination that an applicant has failed to establish extreme hardship. Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995). Although the BIA has the authority to construe "extreme hardship" narrowly, INS v. Wang, 450 U.S. 139, 145 (1981) (per curiam), it must consider all factors bearing on extreme hardship, Tukhowinich, 64 F.3d at 463. We may not substitute our own interpretation of extreme hardship for that of the BIA. Wang, 450 U.S. at 144.
 
 
 4
 To qualify for suspension of deportation, an applicant must show (1) continuous physical presence in the United States for a period of at least seven years immediately preceding the date of the application, (2) good moral character for the same period, and (3) that he is a person whose deportation would result in extreme hardship to himself, or to a spouse, parent or child who is a United States citizen or lawful permanent resident. 8 U.S.C. § 1254(a)(1); Bu Roe v. INS, 771 F.2d 1328, 1333 (9th Cir.1985).
 
 
 5
 Esparza contends that the BIA abused its discretion by finding that he and his two United States citizen children would not suffer extreme hardship if he were deported. This contention lacks merit.
 
 
 6
 First, while some hardship necessarily flows from deportation, economic loss alone is insufficient to support a finding of extreme hardship. Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986). The common results of deportation, without more, are insufficient to prove extreme hardship. Hassan v. INS, 927 F.2d 465, 468 (9th Cir.1991). Esparza's claim that he will have difficulty securing comparable employment in Mexico does not, without evidence of a complete inability to secure any employment, constitute extreme hardship. See Patel v. INS, 638 F.2d 1199, 1206 (9th Cir.1980).
 
 
 7
 Second, while the mere existence of United States citizen children is insufficient to establish extreme hardship, see Ramirez-Durazo, 794 F.2d at 498, the fate of these children is an important factor in the determination of extreme hardship, see Cerrillo-Perez v. INS, 809 F.2d 1419, 1422 (9th Cir.1987). The BIA must carefully appraise the effect deportation would have on a petitioner's citizen children, including the effect of "untying" family ties. See Casem v. INS, 8 F.3d 700, 703 (9th Cir.1993). "That young American citizens may be separated from their parents--and concomitantly that alien parents may be separated from their children--are relevant factors to be considered in determining extreme hardship." Cerrillo-Perez, 809 F.2d at 1424.
 
 
 8
 Here, the BIA found that Esparza was in good health, had learned a skill, was able to work, owned no property in the United States, and had parents and a sibling in Mexico. The BIA additionally found that Esparza's children were very young and "would have little difficulty adjusting to life in Mexico." In the evidence and testimony presented, Esparza and the mother of Esparza's children both indicated that, if Esparza were deported, their two children would accompany them to Mexico. No argument was made that the United States citizen children would remain in the United States without their father. Thus, the BIA did not err by not considering this factor. This issue may not be raised for the first time before the Court of Appeals. See Israel v. INS, 710 F.2d 601, 606 (9th Cir.1983). Because the BIA properly considered the potential hardship to the children, and all the other relevant factors pertaining to extreme hardship, the BIA did not abuse its discretion by finding that Esparza had failed to show extreme hardship to himself or to his United States citizen children, see Tukhowinich, 64 F.3d at 463.[1]
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Additionally, we reject Esparza's contention that the BIA failed to consider all of the factors relating to extreme hardship in the aggregate. The record demonstrates that all of the relevant factors relating to extreme hardship were considered in the aggregate. See Tukhownich, 64 F.3d at 463