116 F.3d 1486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ahamad Samir KHARRAT, a.k.a. Jalal Khapart, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70591.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
Decided June 19, 1997.
 
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jalal Kharrat, a native and citizen of Syria, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his second motion to reopen his deportation proceedings.[1] We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We review for abuse of discretion, see Lainez-Ortiz v. INS, 96 F.3d 393, 395 (9th Cir.1996), and we deny the petition.
 
 
 3
 Kharrat contends that the BIA abused its discretion by denying his second motion to reopen, because he presented newly discovered facts which established his eligibility for asylum and withholding of deportation.[2] This contention lacks merit.
 
 
 4
 The BIA may deny an applicant's motion to reopen deportation proceedings on any of the following three independent grounds: (1) failure to establish statutory eligibility for relief; (2) failure to present material and previously unavailable evidence; and (3) a determination that the applicant is not entitled to a discretionary grant of relief, even if he or she meets the first two requirements. See INS v. Abudu, 485 U.S. 94, 104-05 (1988); see also Eide-Kahayon v. INS, 86 F.3d 147, 150 (9th Cir.1996) (per curiam).
 
 
 5
 Here, Kharrat submitted the following items in support of his motion to reopen: (1) his affidavit stating that he worked as a federal informant from 1986-1993; (2) a letter that Kharrat translated into English from his brother, Adib, which stated that Kharrat faced "grave danger" if he returned to Syria; and (3) a purported affidavit from the World Service Authority ("WSA"), an organization for human rights, which stated that Kharrat was entitled to asylum in the United States. The BIA denied Kharrat's motion to reopen, concluding that he had failed to demonstrate that the purported new facts were material and previously unavailable. The BIA also concluded that Kharrat's proffered evidence failed to establish his eligibility for statutory relief. We agree with the BIA's conclusions.
 
 
 6
 First, Kharrat's affidavit discusses events that allegedly occurred between 1986-1993, well before his June 22, 1994 deportation hearing. Kharrat, however, did not explain why he failed to disclose these allegedly material facts (1) at his June 1994 deportation hearing before the Immigration Judge ("IJ"); (2) during his subsequent appeal of the IJ's decision to the BIA; or (3) during his first motion to reopen with the BIA. See INS v. Doherty, 502 U.S. 314, 326-27 (1992); see also Lainez-Ortiz, 96 F.3d at 396. Second, Kharrat's letter from his brother, Adib, addresses an incident in 1992 where Adib, while visiting his family in Syria, was allegedly questioned by Syrian officials about Kharrat. Again, Kharrat did not explain why this evidence was material and previously unavailable to him.[3] See Doherty, 502 U.S. at 326-27; see also Lainez-Ortiz, 96 F.3d at 396. Third, the BIA properly afforded minimal weight to the purported affidavit because the document was not signed and certified by the WSA.[4] Cf. Villegas-Valenzuela v. INS, 103 F.3d 805, 812 (9th Cir.1996) (concluding that an affidavit lacking a jurat, but not lacking certification, constituted admissible evidence in an administrative proceeding).
 
 
 7
 In sum, we conclude that the BIA did not abuse its discretion by denying Kharrat's second motion to reopen. The BIA properly concluded that Kharrat's proffered evidence was previously available and not material, and that this evidence did not establish his eligibility for statutory relief. See Doherty, 502 U.S. at 326-27; see also Lainez-Ortiz, 96 F.3d at 396.
 
 
 8
 We have considered Kharrat's remaining contentions and conclude that they are without merit.
 
 PETITION FOR REVIEW DENIED.[5]
 
 
 **
 Because the panel unanimously finds this case suitable for decision without oral argument, we deny Kharrat's request for oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We also deny Kharrat's request to "postpone the calendaring" of this case
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In an unpublished memorandum disposition, this court denied Kharrat's petition for review of the BIA's July 5, 1995 order denying Kharrat's first motion to reopen. See Kharrat v. INS, No. 95-70559, 1996 WL 406163, at * 1 (9th Cir. July 19, 1996), cert. denied, 117 S.Ct. 993 (1997)
 
 
 [2]
 The facts surrounding Kharrat's application for asylum and withholding of deportation are set forth in this court's unpublished memorandum disposition denying Kharrat's first petition for review. See Kharrat v. INS, No. 94-70780, 1995 WL 392586, at * 1 (9th Cir. June 30, 1995), cert. denied, 116 S.Ct. 788 (1996)
 
 
 [3]
 Moreover, we note that Kharrat read several letters to the IJ during his June 1994 deportation hearing, including one from Adib, who stated that Kharrat would die if he returned to Syria. None of these letters, however, addressed Kharrat's alleged involvement with the federal government as a paid informant from 1986-1993, or the alleged 1992 incident involving Adib and Syrian officials who questioned him about Kharrat
 
 
 [4]
 We note that the WSA document is defective for another reason: the document contains factual allegations that are unsupported by the affiant's personal knowledge, and legal argument and conclusions. See Fed.R.Civ.P. 56(e)
 
 
 [5]
 We deny Kharrat's motions to introduce additional evidence to this court and his motion to remand this case to the BIA. See Ghaly v. INS, 58 F.3d 1425, 1431-32 (9th Cir.1995); Ramirez-Gonzalez v. INS, 695 F.2d 1208, 1213-14 (9th Cir.1983)