**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANDEEP KAUR, | No. 09-71794 |
| Petitioner, | Agency No. A077-424-545 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 5, 2012
San Francisco, California

Before: SILVERMAN, GOULD, and CHRISTEN, Circuit Judges.

Mandeep Kaur, a native and citizen of India, petitions for review of the an

order from the Board of Immigration Appeals (BIA) reversing the Immigration

Judge's (IJ) denial of the government's motion to reopen, and the BIA's

subsequent order, entered after remand, affirming the IJ's denial of: (1) asylum; (2)

withholding of removal; and (3) protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

(CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition, in part, and remand.

We review the BIA's decision granting or denying a motion to reopen for abuse of discretion. *Israel v. INS*, 710 F.2d 601, 605 (9th Cir. 1983). We review questions of law de novo. *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009).

The IJ found Kaur eligible for asylum in January 2003. In March 2003, the government filed a motion to reopen and attached an overseas investigation report dated May 27, 2002. The report concluded that a letter by Dr. Gurpreet Singh Pannu submitted in support of Kaur's application for asylum was fraudulent. The IJ denied the motion to reopen because the report was dated several months before the January 2003 asylum hearing and the government failed to demonstrate that the report was "not available and could not have been discovered or presented at the former hearing." *See* 8 C.F.R § 1003.23(b)(3). On appeal to the BIA, the government argued it was not required to show the overseas report was "not available" at the time of the former hearing because the government sought to reopen based on fraud in the original asylum application. The BIA did not reach this argument. Rather, the BIA ruled:

> *It is not clear when the report was actually processed and sent to the DHS requesting unit or when it was received. As such, we will accept the DHS' presentation [sic] that the report was unavailable and not received before February 2003. In view of the foregoing, we conclude that the investigation report was new evidence not previously available and will sustain the DHS' appeal and reopen proceedings. (emphasis added)*

The BIA reversed the IJ's decision to deny the motion to reopen and remanded for a new hearing. This was error.

The BIA's decision acknowledged "it is not clear" when the government received the overseas report. As such, the record does not support the conclusion that the IJ clearly erred by ruling the government failed to show the report was not "available or capable of being discovered" at the time of the initial asylum hearing. On this record, the report "cannot provide a basis for reopening" under 8 C.F.R. § 1003.23(b)(3). *Goel v. Gonzales*, 490 F.3d 735, 738 (9th Cir. 2007) (per curiam).

We grant only part of the relief sought by Kaur because no ruling has been made on the government's argument that it is not required to satisfy the standard in 8 C.F.R. § 1003.23(b)(3) when it seeks to re-open based on an allegation of fraud. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam). We remand so the BIA may consider this argument in the first instance.

3

In light of our disposition, we do not reach Kaur's remaining arguments regarding the denial of her application for asylum. But we do note that the testimony of Kaur's proposed witness, Dr. Pannu, was central to this case and that Kaur's attempt to call Dr. Pannu to testify telephonically was denied. Though we recognize the IJ's legitimate need to verify the identity of witnesses proffered by the parties and to assess witness credibility, it is troubling that the record does not show whether any procedures were explored that might have permitted Dr. Pannu's deposition testimony or live testimony to be considered. On remand, the IJ should establish a record that allows review of the procedures considered to permit the parties to examine, and cross-examine, Dr. Pannu. *See* 8 U.S.C. § 1229a(b)(4)(B) (an alien in a deportation proceeding "shall have a reasonable opportunity to examine the evidence against the alien, to present evidence on the alien's own behalf, and to cross-examine witnesses presented by the Government").

GRANTED IN PART; REMANDED.