110 F.3d 69
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Victor Manuel PARTIDA-ROBLEDO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70406.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1997.
Decided March 31, 1997.
 
 Petition for Review of an Order of the Board of Immigration Appeals, No. Avo-cww-fft.
 B.I.A.
 REVIEW DENIED.
 Before: SCHROEDER, WIGGINS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Victor Manuel Partida-Robledo ("Partida"), a native and citizen of Mexico, petitions for review from the BIA's denial of his motion to reopen. Partida argues that the BIA abused its discretion when it rejected his ineffective assistance of counsel claim by applying the standard set out in Matter of Lozada, 19 I & N Dec. 637 (BIA 1988).
 
 
 3
 In 1990, the Immigration and Naturalization Service ("INS") issued an Order to Show Cause charging Partida with failing to comply with the conditions of his nonimmigrant status. Partida was found in the United States in violation of Section 241(a)(9), 8 U.S.C. § 1251(a)(9), of the Immigration and Nationality Act.
 
 
 4
 In February of 1991, Partida appeared before an Immigration Judge ("IJ") and conceded deportability. The IJ denied Partida's application for suspension of deportation and voluntary departure because, among other things, Partida had not demonstrated that he had a continuous presence in the United States for the requisite seven years.
 
 
 5
 In January of 1995, the Board of Immigration Appeals ("BIA") summarily dismissed Partida's appeal from the IJ's order of deportation. The BIA explained that Partida, through former counsel, Paul A. Schelly, failed to identify the basis of his appeal, and that he failed to provide a promised brief.
 
 
 6
 In December of 1995, Partida, through new counsel, filed a motion to reopen or reconsider with the BIA arguing that his prior attorney had been ineffective for failing to file an adequate Notice of Appeal and a brief. Relying on the criteria set out in Lozada, the BIA rejected Partida's claim of ineffective assistance of counsel.
 
 
 7
 Lozada sets out three criteria which must be fulfilled in order for the Board to evaluate a claim of ineffective assistance of counsel: (1) the respondent must provide an affidavit setting forth in detail the agreement that was entered into with counsel with respect to the actions to be taken and what representations counsel did or did not make to the respondent in this regard, (2) counsel whose competence has been impugned must be informed of the allegations leveled against him and be given an opportunity to respond, and (3) the motion should reflect whether a complaint has been filed with appropriate disciplinary authorities, and if not, why not. Id. at 639.
 
 
 8
 The BIA found that although Partida had satisfied the first and third criteria, he had not contacted his former counsel and given him an opportunity to respond. Because Partida failed to satisfy all of the requirement of Lozada, the BIA denied Partida's motion to reopen.
 
 
 9
 We review a denial of a motion to reopen only
 
 
 10
 "for an abuse of discretion and will not disturb the BIA's ruling unless the BIA has acted arbitrarily, irrationally, or contrary to law." "The BIA acts arbitrarily when it disregards its own precedents and policies without giving a reasonable explanation for doing so."
 
 
 11
 Eide-Kahayon v. United States I.N.S., 86 F.3d 147, 149 (9th Cir.1996) (citations omitted).
 
 
 12
 The BIA has developed the Lozada standard in order to evaluate alien claims of ineffective assistance of counsel. Because the BIA has articulated a rational basis for the standard set out in Lozada, there is nothing arbitrary about this standard and nothing in our precedent which prohibits the BIA from applying its own precedent in cases involving ineffective assistance of counsel claims.
 
 
 13
 Partida relied upon Lozada in his motion to reopen and never challenged its applicability before the BIA. AR 10-13. We will not consider an issue which a petitioner has failed to present first to the BIA. Liu v. Waters, 55 F.3d 421, 424-25 (9th Cir.1995).
 
 
 14
 Partida argues that even if Lozada applies, the BIA erred by concluding that he failed to satisfy the second criteria of notifying his prior counsel and giving him the opportunity to respond. We reject this argument.
 
 
 15
 The petition for review is DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3