114 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lauro Alfonso PUENTE-ROMERO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70610, Axo-tse-epc.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 19, 1997.*
Decided May 28, 1997.
 
 Before: FLETCHER, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lauro Alfonso Puente-Romero ("Puente"), a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of the immigration judge's ("IJ") denial of his motion to reopen deportation proceedings to seek adjustment of status. We have jurisdiction under 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 Because the BIA adopted the decision of the IJ, we review the IJ's decision. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). The IJ's denial of a motion to reopen is reviewed for an abuse of discretion. See Eide-Kahayon v. INS, 86 F.3d 147, 149 (9th Cir.1996) (per curiam). Under the abuse of discretion standard, the denial of a motion to reopen will be upheld unless it is "arbitrary, irrational, or contrary to law." Ahwazi v. INS, 751 F.2d 1120, 1122 (9th Cir.1985). Where the denial of a motion to reopen is based on a question of law, it is reviewed de novo. See Gonzales v. INS, 921 F.2d 236, 238 (9th Cir.1990), overruled on other grounds, Butros v. INS, 990 F.2d 1142 (9th Cir.1993).
 
 
 4
 Puente contends that the IJ erred in finding that he was ineligible for adjustment of status because he did not show that his grant of voluntary departure was extended or that his failure to depart was due to exceptional circumstances. This contention lacks merit.[1]
 
 
 5
 An IJ may deny a motion to reopen if (1) the alien fails to establish a prima facie case for the relief sought; (2) the alien fails to introduce previously unavailable, material evidence which could not have been discovered or presented at the former hearing; or (3) the BIA determines that the alien is not entitled to a discretionary grant of the relief sought. See Eide-Kahayon, 86 F.3d at 150. An alien may adjust his status by meeting certain criteria. See Obitz v. District Director of INS, 623 F.2d 1331, 1332 (9th Cir.1980) (citing 8 U.S.C. § 1255). However, an alien who remains in the United States after his voluntary departure date is ineligible for adjustment of status for five years after the scheduled departure date, unless the alien shows exceptional circumstances for failure to depart. See 8 U.S.C. § 1252b(e)(2)(A). "The term 'exceptional circumstances' refers to exceptional circumstances (such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances) beyond the control of the alien." 8 U.S.C. § 1252b(f)(2).
 
 
 6
 Here, because Puente remained in the United States after his voluntary departure date and provided no evidence of exceptional circumstances or an extension of the voluntary departure date to the IJ,[2] the IJ correctly found that he was statutorily ineligible for adjustment of status. See 8 U.S.C. § 1252b(e)(2)(A). Thus, Puente has failed to establish prima facie eligibility for adjustment of status and his motion to reopen was properly denied. See Eide-Kahayon, 86 F.3d at 150 (stating that the BIA may deny a motion to reopen if "the movant has not established a prima facie case for the underlying substantive relief sought"); see also Sequeira-Solano v. INS, 104 F.3d 278, 279 (9th Cir.1997) (holding that even if alien established prima facie eligibility for relief, the BIA could deny motion to reopen as matter of discretion where petitioner did not depart within the time allowed by grant of voluntary departure).
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, petitioner's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we find that the IJ properly denied Puente's motion to reopen because Puente is ineligible for adjustment of status, we do not reach Puente's contention that the IJ erred in denying the motion for the additional reason that Puente failed to submit his adjustment of status application with his motion to reopen
 
 
 [2]
 Puente argues that he would present "more favorable" facts to show exceptional circumstances and extension of the voluntary departure date if the IJ had not denied his motion for an extension of time to file a brief to the BIA. However, in his motion to reopen filed with the IJ, Puente did not attempt to show exceptional circumstances or an extension of his voluntary departure date nor did he submit any supportive evidence to the IJ. See Eide-Kahayon, 86 F.3d at 150 (noting that a motion to reopen may be denied where the alien fails to introduce previously unavailable, material evidence)