124 F.3d 212
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robin S. SANTOS, Petitioner,
v.
IMMIGRATION and NATURALIZATION SERVICE, Respondent.
 Nos. 96-70065, 96-71122.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted August 6, 1997 Seattle, Washington
Decided Aug. 28, 1997.
 
 Before: WRIGHT, D.W. NELSON and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robin S. Santos, a native and citizen of the Philippines, petitions for review of two Board of Immigration Appeals (BIA) decisions. We have jurisdiction over the consolidated appeals pursuant to 8 U.S.C. § 1105a(a). We deny his petition for review of the denial of his request for asylum and withholding of deportation, and grant his petition for review of the denial of his motion to reopen deportation proceedings.
 
 I ASYLUM AND DEPORTATION
 
 3
 This court reviews for abuse of discretion a denial of asylum. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). We uphold the denial unless the evidence was so compelling that any reasonable factfinder would have found the requisite fear of persecution. Id. "All that we require is that the [BIA] provide a comprehensible reason for its decision sufficient for us to conduct our review and to be assured that the petitioner's case received individualized attention." Ghaly v. INS, 58 F.3d 1425, 1430 (9th Cir.1995).
 
 
 4
 To be eligible for a discretionary grant of asylum, an applicant must show either past persecution of a severity that gives rise to compelling reasons for being unwilling to return to his country of nationality, or a "well-founded fear of [future] persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." Acewicz, 984 F.2d at 1061 (quoting 8 U.S.C. § 1101(a)(42)); 8 C.F.R. § 208.13(b)(1)(ii). A well-founded fear of future persecution is established when the applicant shows a genuine subjective fear of persecution that is objectively reasonable. Id. "The objective component requires a showing by 'credible, direct, and specific evidence' of facts supporting a reasonable fear of persecution." Id. (quoting Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam)).
 
 
 5
 An alien who establishes past persecution is entitled to a rebuttable presumption that he has reason to fear future persecution. Pitcherskaia v. INS, 118 F.3d 641 (9th Cir.1997), 1997 WL 342902, at * 4 (citing 8 C.F.R. § 208.13(b)(1)(i)). The presumption is rebutted if a preponderance of the evidence establishes that since the persecution occurred, conditions in the country have changed such that the alien no longer has a well-founded fear of persecution upon return. Id.
 
 
 6
 The standard for withholding of deportation is more exacting than that for asylum. It requires a clear probability of future persecution rather than a well-founded fear of it. Ghaly, 58 F.3d at 1429.
 
 
 7
 Santos requested asylum because of persecution based on his political opinions. He testified that he was assaulted three times in 1991 as a result of his general support for and membership in the Marcos Loyalist Party and because he wrote articles, as a Philippine newspaper journalist, criticizing the Aquino administration. He suspected police or government involvement in the assaults.
 
 
 8
 The BIA assumed that the events Santos described legitimately constituted persecution based on political opinion. It found, however, based on the preponderance of the record evidence, that there was not a reasonable objective possibility of future persecution in the Philippines. It relied on the State Department's 1994 Country Report, which noted that Marcos supporters could return to the Philippines without difficulty, that the government had reorganized the Philippine National Police to stem internal corruption, and that political violence had declined significantly.
 
 
 9
 We conclude that Santos received the individualized attention this court guarantees to aliens seeking asylum and that substantial evidence supports the BIA's decision that he did not produce credible, specific, and convincing evidence that his fear of persecution is objectively reasonable. Further, the BIA did not abuse its discretion in deciding that his past persecution did not compel granting asylum in the exercise of discretion. Santos's failure to satisfy the lower standard of proof required to establish eligibility for asylum necessarily results in his failure to demonstrate eligibility for withholding of deportation.
 
 II MOTION TO REOPEN
 
 10
 This court reviews denial of a motion to reopen for abuse of discretion. Caruncho v. INS, 68 F.3d 356, 360 (9th Cir.1995). "We defer to the decision of the BIA unless we find that it acted in a manner 'arbitrary, irrational, or contrary to law.' " Id. (quoting Padilla-Agustin v. INS, 21 F.3d 970, 973 (9th Cir.1994)).
 
 
 11
 On January 23, 1996, during the 30 day period the BIA allowed for voluntary departure, Santos moved to reopen his deportation proceedings to apply for adjustment of status based on his August 1995 marriage to a United States citizen. He complied with 8 C.F.R. § 3.8 which requires a statement whether any judicial proceeding is pending.
 
 
 12
 On February 1, 1996, he petitioned this court for review of the BIA asylum decision. He did not notify the BIA that he filed an appeal in this court.
 
 
 13
 On October 2, 1996, the BIA denied Santos's motion to reopen, relying on In re Shaar, Interim Dec. 3290 (BIA 1996), 1996 WL 426889, which held that expiration of a period of voluntary departure, even while a motion to reopen is pending, renders an alien statutorily ineligible for adjustment of status pursuant to 8 U.S.C. § 1252b(e)(2)(a) if the notice requirements of 8 U.S.C. § 1252b(e)(2)(b) have been met. The BIA found that Santos received the requisite notice, but did not depart within the authorized time for voluntary departure and was therefore statutorily ineligible for adjustment of status.
 
 
 14
 Santos argues that the BIA erred in denying his motion based on its mistaken assumption that his period of voluntary departure had expired. Santos argues that under Contreras-Aragon v. INS, 852 F.2d 1088 (9th Cir.1988) (en banc), an alien who files a petition for review receives an automatic stay of deportation that continues the grant of voluntary departure throughout the period of the court's review.
 
 
 15
 The INS responds that because Santos never informed the BIA that he filed a petition for review, he failed to establish a prima facie case of eligibility to reopen. See INS v. Abudu, 485 U.S. 94, 104 (1988) (BIA may deny motion to reopen if movant has not established prima facie case for underlying substantive relief sought); Eide-Kahayon v. INS, 86 F.3d 147, 150 (9th Cir.1996) (per curiam) (same).
 
 
 16
 Although Abudu and Eide-Kahayon require the movant to establish a prima facie case for the underlying substantive relief sought (here, adjustment of status based upon marriage to a United States citizen), they do not establish that the movant bears the burden of notifying the BIA that a petition for review has been filed. See id.
 
 
 17
 We conclude that under Contreras-Aragon, Santos's period of voluntary departure was extended through the period of this court's review as a matter of law, and that the BIA acted contrary to law when it denied his motion to reopen based upon his failure to depart. We grant the petition for review and remand for consideration of the motion to reopen based upon Santos's prima facie case for eligibility for adjustment of status.
 
 
 18
 Petitions for review DENIED in part and GRANTED and REMANDED in part.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3