133 F.3d 925
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Maria Carmena ARNOLD, and Carla Angelica Legaspi, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70739.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 4, 1997.
Decided Jan. 8, 1998.
 
 Before: FERGUSON, THOMPSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioners Maria Carmena Arnold and Carla Angelica Legaspi appeal the denial of their motion to reopen deportation proceedings by the Board of Immigration Appeals ("BIA"). Because the BIA failed to consider the equities of petitioners' case in refusing to reopen, we grant the instant petition for review, and remand for reconsideration. We have jurisdiction to hear this appeal from the BIA pursuant to 8 U.S.C. § 1105a(a) of the Immigration and Naturalization Act. We review the BIA's decision on an applicant's motion to reopen for abuse of discretion. INS v. Doherty, 502 U.S. 314, 324 (1992); INS v. Rios-Pineda, 471 U.S. 444, 449-50 (1985); Gutierrez-Centeno v. INS, 99 F.3d 1529, 1531 (9th Cir.1996).
 
 BACKGROUND
 
 3
 Maria Carmena Arnold and her then two-year-old daughter, Carla Angelica Legaspi ("petitioners"), natives and citizens of the Philippines, lawfully entered the United States as visitors for pleasure in 1983. Their visas expired a year later, after a lawful extension of their stay. A month after her visa expired, Maria married Christopher Arnold, an American citizen. He filed for an adjustment of status on behalf of petitioners, which he later withdrew while it was still pending. Maria and Arnold eventually divorced in 1987.
 
 
 4
 On August 5, 1986, the INS ordered petitioners deportable and granted them thirty days to depart involuntarily. Petitioners appealed the order of deportation, but the BIA dismissed the appeal on July 19, 1988. Petitioners were again granted thirty days to depart, but remained in the United States. In 1988, Maria met Norris Haight, also an American citizen. Maria and Carla moved in with Haight in 1991, and on February 4, 1995, Maria and Haight were married. The Immigration and Naturalization Service ("INS") subsequently approved immediate relative petitions for Maria and Carla. Together, Maria and Haight co-own and manage a business which employs ten people. Carla, now sixteen years old, maintains a 3.6 grade point average and plays varsity sports. Maria's mother and all of her siblings are naturalized U.S. citizens. Her brother Florante served in the U.S. military for four years. After fourteen years in this country, petitioners have no family and no other significant connection to the Philippines.
 
 
 5
 On April 11, 1996, petitioners filed a motion with the BIA to reopen for adjustment of status. The motion was denied on June 13, 1996, and on September 10, 1996, petitioners appealed to this Court.
 
 DISCUSSION
 
 6
 As explained below, the BIA abused its discretion by relying solely on petitioners' immigration law violation in denying petitioners' motion to reopen. The BIA should have considered all relevant equities, including the hardship deportation would pose to petitioners and their family members.
 
 I. Motion to Reopen
 
 7
 The BIA can deny petitioners' motion to reopen on any of three independent grounds: (1) failure to establish a prima facie case for the relief sought, (2) failure to introduce previously unavailable, material evidence,[1] or (3) a determination that, even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of relief sought. Doherty, 502 U.S. at 323; INS v. Abudu, 485 U.S. 94, 104-05 (1988). Because petitioners satisfied the first two requirements, we conclude that the BIA based its refusal to reopen on its determination that petitioners were not entitled to discretionary relief.
 
 II. Balancing Test
 
 8
 In making a discretionary denial, the BIA must show that it weighed both favorable and unfavorable factors. See Ng v. INS, 804 F.2d 534, 538 (1986) (holding that BIA abused its discretion by failing to weigh favorable factors such as gainful employment and financial responsibility) citing Mattis v. INS, 774 F.2d 965, 968 (9th Cir.1985) (same). Where a petitioner marries a citizen after her deportability has been established, and has violated immigration law, the BIA must apply a balancing test to decide whether to reopen the case. Eide-Kahayon v. INS, 86 F.3d 147, 150 (9th Cir.1996); Vasquez v. INS, 767 F.2d 598 (9th Cir.1985); Ahwazi v. INS, 751 F.2d 1120, 1123 (9th Cir.1985). Here, the BIA stated only: "Since the respondents have failed to provide an adequate explanation for their failure to depart, we find that reopening is not warranted on this record." This cursory explanation does not reflect proper consideration of the equities.
 
 
 9
 Given nearly identical facts in another case, we reversed the BIA's refusal to reopen deportation proceedings. Israel v. INS, 785 F.2d 738 (9th Cir.1986). Although the BIA did apply a balancing test in Israel, we nonetheless concluded that the BIA abused its discretion by according so little weight to the equities of petitioner's marriage. This Court found the BIA to have departed from its own precedent, citing Matter of Garcia, 16 I. & N. Dec. 653 (BIA 1978) (reopening proceedings based solely on petitioner's last-minute marriage to United States citizen).
 
 
 10
 The immigration law violations in Garcia, Israel, and the instant case are minor; in fact "it is difficult to imagine a more minimal violation of immigration law in the context of a motion to reopen." Israel 785 F.2d at 742. Further, "any alien submitting a motion to reopen will have been found to have violated the immigration statute that was the basis of deportability." Id. at n. 7. The BIA should take guidance from Isreal in weighing the issues before it in this case.
 
 
 11
 Finally, we will not assume the BIA considered issues other than those stated in its decision. "To affirm on the theory that the BIA necessarily considered whatever the petitioner asserted would free the Board of the obligation to articulate a reasoned basis for its decisions, eliminating any guaranty of rationality and foreclosing meaningful review for abuse of discretion." Santana-Figueroa v. INS, 644 F.2d 1354, 1357 (9th Cir.1981). Therefore, as the BIA does not discuss the equities of petitioners' case, we must conclude that no such consideration was given.
 
 CONCLUSION
 
 12
 In this case, the BIA relied solely on petitioners' failure to depart, without weighing it against the significant equities of their case. By failing to apply the required balancing test, the BIA abused its discretion. We GRANT the petition and REMAND this matter to the BIA to reconsider petitioners' motion to reopen in light of the views expressed in this memorandum.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 8 C.F.R. § 3.2(c) requires that motions to reopen be supported by evidence which is "material" and "could not have been discovered or presented at the former hearing." Id