**Wilson Rene FERNANDEZ–MONTERROSO,**
Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,**
Respondent.

**Nos. 01–71398, INS A71–608–382.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 2002.

Decided Dec. 10, 2002.

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

Before MCKEOWN, PAEZ and HAMILTON,* Circuit Judges.

MEMORANDUM **

Wilson Rene Fernandez–Monterroso petitions for review of a final order of the Board of Immigration Appeals ("BIA") denying his motion to reopen exclusion proceedings. We have jurisdiction under 8 U.S.C. § 1105(a) and we deny the petition.

I.

To qualify for reopening, the applicant must show that previously unavailable material evidence establishes *prima facie* eligibility for the requested relief, *Ghadessi v. INS*, 797 F.2d 804, 805 n. 2 (9th Cir. 1986), which in the context of an asylum claim has been defined as evidence which raises a sufficiently serious question concerning the applicant's fate to warrant a more thorough consideration of his claim. *Samimi v. INS*, 714 F.2d 992, 995 (9th Cir.1983). We review for abuse of discretion the BIA's denial of a motion to reopen. *Eide–Kahayon v. INS*, 86 F.3d 147, 149 (9th Cir.1996) (citing *INS v. Abudu*, 485 U.S. 94, 105, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988)). We will not disturb the BIA's ruling unless the BIA has acted arbitrarily, irrationally, or contrary to law. *Id.*

II.

Fernandez contends that the BIA's determination that the threats received by his brother were "relatively implausible" was contrary to law and therefore an abuse of discretion. Even assuming that the BIA erroneously discredited Fernandez's new evidence, *see Limsico v. INS*, 951 F.2d 210, 213 (9th Cir.1991), the BIA did not rely solely on this ground for its denial of Fernandez's motion.

III.

The BIA also determined that Fernandez failed to establish a connection between the new evidence and his political persecution. We agree. We fail to see any significant connection between the two threats made against his brother in 1998 and the incidents he experienced prior to his departure from Guatemala in 1992. The newly proffered evidence does not present a sufficiently serious question concerning Fernandez's fate to warrant a more thorough consideration of his claim. Accordingly, the BIA's decision denying Fernandez's motion to reopen was neither arbitrary, irrational, nor contrary to law and thus not an abuse of discretion.

PETITION FOR REVIEW DENIED.

---

* Honorable Phyllis J. Hamilton, United States District Court Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.