**Coskun CETINKAYA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71254.

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 2007 *.

Filed March 15, 2007.

John K. Vawter, Esq., San Diego, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Margaret Jane Mahoney, Esq., DOJ–U.S. Department of Justice, Torts Branch/Civil Division, Washington, DC, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: RYMER, WARDLAW, and SMITH, Circuit Judges.

MEMORANDUM **

Petitioner Coskun Cetinkaya, a Turkish national, appeals from two final Board of Immigration Appeals ("BIA") orders: (1) an August 30, 2002 order affirming the immigration judge's denial of Cetinkaya's application for asylum and withholding of removal, and (2) a February 18, 2004 order denying Cetinkaya's motion to reopen the BIA's August 30, 2002 order.[1] We deny Cetinkaya's petition in its entirety.

*I. August 30, 2002 Order of Removal*

The time limit of 8 U.S.C. § 1252(b)— that a petition for review must be filed within 30 days after the final order of removal—is mandatory and jurisdictional. *Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir.2003). The BIA affirmed the immigration judge's order of removal on August 30, 2002. Cetinkaya did not petition for review until March 19, 2004. Cetinkaya's subsequent motions to reopen before the BIA do not extend the deadline in § 1252(b). *See Membreno v. Gonzales,*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. On appeal, Cetinkaya also argues that the BIA erred in denying his March 18, 2004 motion in which he raised an ineffective assistance of counsel claim for the first time. We may not consider this argument because it was not included in his petition for review. *See Zayas–Marini v. INS*, 785 F.2d 801, 805 (9th Cir.1986).

425 F.3d 1227, 1229 (9th Cir.2005) (en banc).

Cetinkaya's untimely petition for review of the BIA's August 30, 2002 order is not excused by his purported reliance on a BIA website. He does not argue that the website was itself misleading; his opening brief recognizes that his interpretation of the BIA website was a "mistake." *Cf. Singh*, 315 F.3d at 1188. Accordingly, we lack jurisdiction to review the order of removal.

*II. February 18, 2004 Order Denying Motion to Reopen*

Although we do not have jurisdiction to review the order of removal, we may review the BIA's February 18, 2004 order denying Cetinkaya's motion to reopen for abuse of discretion. *See Membreno*, 425 F.3d at 1229. We will not disturb the BIA's denial of a motion to reopen unless the BIA acted "arbitrarily, irrationally, or contrary to law." *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000) (quoting *Eide–Kahayon v. INS*, 86 F.3d 147, 149 (9th Cir.1996)).

Under 8 C.F.R. § 1003.2(c)(1), an alien must provide new and material evidence to warrant reopening his case. Cetinkaya's evidence of a new regime in Turkey is "too general to demonstrate a well-founded fear that [the alien] would personally be persecuted." *Konstantinova v. INS*, 195 F.3d 528, 530 (9th Cir.1999). His argument that he failed to serve in the Turkish army is similarly immaterial. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1187 (9th Cir. 2006) (recognizing that "forced conscription or punishment for evasion of military duty generally does not constitute persecution"). We therefore conclude that the BIA did not abuse its discretion in declin-

ing to reopen the August 30, 2002 order in its February 18, 2004 order.

The petition for review is DENIED.