**Aramais NAZARYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70383.

United States Court of Appeals, Ninth Circuit.

Oral Argument Vacated May 11, 2007.

Submitted June 8, 2007.*

Filed June 12, 2007.

Deborah Karapetian, Law Offices of Deborah L. Karapetian, Glendale, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Margot L. Nadel, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, WARDLAW, and BYBEE, Circuit Judges.

MEMORANDUM **

Petitioner Aramais Nazaryan ("Petitioner") petitions for review of a Board of Immigration Appeals ("BIA") decision affirming and adopting the decisions of an Immigration Judge ("IJ") denying Petitioner's motion to reopen and reconsider his deportation proceedings so that he could apply for derivative asylum through

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

his first wife. The facts and procedural history are familiar to the parties, and we do not repeat them here. "We review the denial of a motion to reopen [or reconsider] for abuse of discretion," and under that standard, we must deny the petition for review "[u]nless the BIA acted 'arbitrarily, irrationally, or contrary to law' " in denying the motion. *Singh v. INS,* 213 F.3d 1050, 1052 (9th Cir.2000) (quoting *Eide–Kahayon v. INS,* 86 F.3d 147, 149 (9th Cir.1996)); *accord INS v. Doherty,* 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992).[1] To meet that exacting standard, Petitioner raises two arguments.

■ First, Petitioner asserts that he was denied effective assistance of counsel in his prior deportation proceedings because his accredited representative's performance was constitutionally deficient and because after that representative withdrew he was not given time to find an attorney. Because Petitioner failed to argue that claim before the BIA, we lack jurisdiction to review it. *See Ramos v. INS,* 246 F.3d 1264, 1267 (9th Cir.2001) ("Failure to raise an argument before the BIA deprives this court of jurisdiction."); *Ontiveros–Lopez v. INS,* 213 F.3d 1121, 1124 (9th Cir.2000) (requiring exhaustion of ineffective assistance claims). Accordingly, we dismiss Petitioner's petition as to this issue.

■ Second, Petitioner challenges the BIA's denial of his motion to reopen on grounds that were argued below—namely, he asserts that his deportation proceedings should have been reopened so that he could apply for derivative asylum through his first wife. Even assuming *arguendo* that Petitioner may file a motion to reopen

and that he is still married to his first wife, the BIA did not abuse its discretion in denying his motion to reopen because his derivative asylum claim—filed more than two years after his first wife received asylum—was untimely. *See* 8 C.F.R. § 1208.21(c) ("When a spouse ... of an alien granted asylum is in the United States, but was not included in the asylee's application, the asylee may request accompanying or following-to-join benefits for his/her spouse ... by filing for each qualifying family member a separate Form I–730, Refugee/Asylee Relative Petition, and supporting evidence, with the designated Service office, regardless of the status of that spouse or child in the United States.... Additionally, a separate Form I–730 must be filed by the asylee for each qualifying family member before February 28, 2000, *or within 2 years of the date in which he/she was granted asylum status,* whichever is later, unless it is determined by the Service that this period should be extended for humanitarian reasons." (emphasis added)). Accordingly, as to this issue, we deny the petition for review.[2]

**Petition DENIED in Part; DISMISSED in Part.**

---

1. Furthermore, "[w]here, as here, the BIA adopts the IJ's decision while adding its own reasons, we review both decisions." *Kataria v. INS,* 232 F.3d 1107, 1112 (9th Cir.2000).

2. Because we deny the petition for review on timeliness grounds, Respondent Alberto Gonzales need not file transcripts of Petitioner's October 4, 2002 and March 26, 2003 hearings.