

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-17-2009

# Tetruashvily v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4530

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Tetruashvily v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1522.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1522

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4530
_____

DODIK TETRUASHVILY,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES;
SECRETARY OF DEPARTMENT OF HOMELAND SECURITY,
Respondent

_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(Agency No. A78 199 263)
Immigration Judge: William Van Wyke

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 15, 2009

Before: RENDELL, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Filed: April 17, 2009)
_____

OPINION OF THE COURT
_____

PER CURIAM

    Dodik Tetruashvily petitions for review of an order of the Board of Immigration

Appeals (BIA), which denied his motion to reopen his immigration proceedings.  We will

deny the petition for review.

Because the parties are familiar with the history and facts of the case, we will recount the events in summary fashion. Tetruashvily is a native of Azerbaijan, and is a Jewish citizen of Israel. He left Azerbaijan with his non-Jewish, ethnic Armenian, family on December 23, 1989, because of persecution on account of the Armenian ethnicity (and perceived Armenian ethnicity) of the family. They traveled to Moscow and then to Israel, where they were given automatic citizenship and residency rights under the Law of Return, due to Dodik[1] being Jewish. The Israeli officials mistakenly marked "Jewish" on all the family's documents, and the family decided to pretend to be Jewish.[2] Two months after arriving in Israel, they encountered a couple they knew from Azerbaijan, who recognized them and told people that the family was not Jewish. This resulted in fights at school, the school accusing the family of having false documents, and attempted eviction by their Orthodox Jewish landlord. The family moved to another city, but within a few months they were again recognized by someone who knew them in Azerbaijan. The family experienced many problems (the grandmother in her 90s was verbally abused because she was making Easter cakes and eggs, causing her to fall and break an artificial limb, the son was forced by a Rabbi to pull down his pants at school to show he was

---

[1] We will generally refer to Petitioner by first name to differentiate his claims from other family members.

[2] The children in fact later wanted to be Jewish, but were not considered to be Jewish because their mother was not.

2

circumcised, boys held a knife to his throat, the wife was raped, etc.). The police did nothing when the family reported problems, and in fact members of the family were arrested once for reporting a problem. The only problem Dodik experienced personally was being thrown in a construction hole one night as he was walking home from a park with his daughter.

The family left for Canada where they applied for asylum. After the claim was denied, they came to the United States. Dodik convinced his family that officials in the United States would not believe they were persecuted in Israel, and convinced them to file false asylum claims saying they were persecuted in the Ukraine. The Government, however, discovered the Canadian asylum claims, which contained the true facts.

The Immigration Judge (IJ), in a February 14, 2003 decision, found the family's claims to be credible, and found that, with the exception of Dodik, the family had suffered persecution on the basis of religion–i.e., not being Jewish. The IJ granted everyone in the family, except Dodik, asylum. The IJ found that Dodik was not statutorily eligible for asylum, as he could not establish that he had been or would be persecuted on account of a protected ground. The IJ also noted that even if Dodik had been eligible, he would have denied asylum as a matter of discretion, because Dodik had persuaded the family to file fraudulent claims. The IJ also found that the family had suffered persecution in Azerbaijan and granted withholding of removal for the entire family as to Azerbaijan.

The Government appealed the IJ's grant of asylum to the rest of the family and the

3

grant of withholding as to Azerbaijan. Dodik appealed arguing that the IJ should have granted him asylum as a derivative beneficiary of his wife and also argued that he had a well-founded fear of persecution in Israel. In a May 1, 2007 decision by one Board member,[3] the BIA noted that it agreed with the IJ's decision to grant asylum to everyone except Dodik, and agreed that Dodik was statutorily ineligible for asylum. The BIA noted that the IJ implicitly denied Dodik asylum as a derivative of his wife's claim as a matter of discretion, and found that the IJ had not abused his discretion. The BIA also agreed with the IJ's grant of withholding as to Azerbaijan. The BIA remanded to allow the Department of Homeland Security (DHS) the opportunity to complete security investigations.

The Government then filed a "Motion to Reconsider and Motion for Review of Board's Decision by a Three Member Panel." A.R. 185. Dodik filed a response to the Government motion; A.R. 168; and also filed a motion to reopen, asking the BIA to consider additional discretionary factors concerning his derivative asylum claim. A.R. 15. The BIA (still just one member) denied the Government's motion in a decision dated November 2, 2007, finding that the DHS had failed to identify any errors of fact or law, and, to the extent its motion should be considered as a motion to reopen due to improved country conditions in Azerbaijan, the DHS had failed to show by a preponderance of

_____

[3] In August 2005, the BIA had previously remanded the case because of record problems–tapes containing certain hearing testimony was missing. It appears from the record that the IJ was able to supply the missing tapes.

evidence that country conditions had changed such that the family's life or freedom would no longer be threatened. The BIA also denied Dodik's motion to reopen, finding that to the extent he challenged the BIA's failure to properly consider discretionary factors in its first decision, it was an untimely motion to reconsider, and, to the extent he attempted to raise new discretionary factors, Dodik had failed to show why he could not have raised some of those factors earlier. The BIA also held that Dodik had not raised any new positive equities that would outweigh the significant negative factor that Dodik had committed fraud on the court.

Dodik filed a timely, counseled petition for review of this last BIA decision. Our jurisdiction is limited to a review of the BIA's denial of Dodik's motion to reopen, as he did not file a timely petition for review of the BIA's final order of removal. See Stone v. I.N.S., 514 U.S. 386, 405-06 (1995). The Supreme Court has set out three principal grounds on which the BIA may deny a motion to reopen proceedings: (1) it may hold that the movant has failed to establish a prima facie case for the relief sought; (2) it may hold that the movant has failed to introduce previously unavailable, material evidence that justifies reopening, as required by regulation; or (3) where the granting of the ultimate relief sought is discretionary, the BIA can "leap ahead . . . over the two threshold concerns . . . and simply determine that even if they were met, the movant would not be entitled to the discretionary grant of relief." INS v. Abudu, 485 U.S. 94, 104-05 (1988). In order to succeed on the petition for review, Dodik must show that the BIA's ultimate

5

decision denying reopening and reconsideration was somehow arbitrary, irrational, or contrary to law. See Tipu v. INS, 20 F. 3d 580, 582 (3d Cir. 1994).

The BIA here denied Dodik's motion to reopen primarily on the third ground mentioned above; that is, it "leaped ahead" and determined that even if Dodik had made out a prima facie case and submitted new evidence, he would not warrant discretionary relief.[4] Dodik argues that the BIA applied the wrong legal standard in denying his motion. He argues that he was only required to show a "reasonable likelihood" that he would be able to establish entitlement to relief. But that standard only applies to whether a movant has established a prima facie case for reopening. See, e.g., Shardar v. Attorney General, 503 F.3d 308, 313 (3d Cir. 2007) (noting that movant must show "reasonable likelihood" that he can establish eligibility for relief to meet prima facie case). Where the BIA "leaps ahead," it need not even consider whether the standard for a prima facie case has been met. Cf. INS v. Rios-Pineda, 471 U.S. 444, 449 (1985) ("[I]f the Attorney General decides that relief should be denied as a matter of discretion, he need not consider whether the threshold statutory eligibility requirements are met."). The BIA's statement that Dodik had failed to present "any new positive equities that would outweigh the significant negative equity that mitigates against relief" (BIA decision, A.R. 5,

---

[4] Petitioner has not challenged the BIA's finding that his motion was untimely if considered as a motion to reconsider; nor has he challenged the BIA's determination that some of the evidence he presented with his motion to reopen could have been presented earlier.

6

emphasis added), does not demonstrate that the BIA used the wrong standard in denying

Dodik's claim; rather, it shows that its decision was based on its consideration that relief

should be denied as a matter of discretion.

Dodik also argues that the BIA failed to consider all the evidence he presented in

his motion to reopen. On the contrary, the BIA discussed each factor that Dodik raised in

his motion to reopen, and determined that those factors (including Dodik's increased age,

the medical problems of him and his wife, the fact that he cares for his wife's 96-year-old

mother, the emotional impact on the family) did not outweigh his "commission of a

substantial and elaborate fraud upon the DHS and the Immigration Court and his coercion

of his family members to participate in his fraudulent scheme." BIA decision, A.R. 5.

Dodik has not shown that the BIA failed to consider the evidence presented with his

motion, nor has he shown that the BIA acted arbitrarily by denying relief in his case. See

Eide-Kahayon v. I.N.S., 86 F.3d 147, 150 (9th Cir.1996) (BIA acts arbitrarily when it fails

to exercise its discretion favorably in one case, but does so in a factually similar case).

For the foregoing reasons, we will deny the petition for review.