FILED

NOT FOR PUBLICATION

FEB 24 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLARISSA SARAYENS CORADO-MEJIA,<br><br>       Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>       Respondent. | No. 12-72607<br><br>Agency No. A098-896-170<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2014[**]

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Clarissa Sarayens Corado-Mejia, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's decision denying her

application for asylum and withholding of removal and denying her request for a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

remand. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to remand, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005), and review for substantial evidence the agency's factual findings regarding eligibility for asylum and withholding of removal, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

With respect to Corado-Mejia's FMLN claim, substantial evidence supports the agency's determination that Corado-Mejia failed to establish past persecution because the threats she and her family received did not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (unfulfilled threats constituted harassment rather than persecution). In light of this conclusion, Corado-Mejia's contention that she is entitled to a presumption of future persecution necessarily fails. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002). Further, substantial evidence supports the agency's finding that Corado-Mejia did not establish a well-founded fear of persecution. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("[a]n applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident"). Accordingly, her asylum claim fails.

Because Corado-Mejia failed to meet the lower standard of proof for asylum, her claim for withholding of removal necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Finally, the BIA did not abuse its discretion in declining to consider Corado-Mejia's gender-based claim. *See Eide-Kahayon v. INS*, 86 F.3d 147, 149 (9th Cir. 1996) (court reviews for abuse of discretion and will not disturb the BIA's ruling unless it acted "arbitrarily, irrationally, or contrary to law"). We reject Corado-Mejia's contention that the BIA erred in not considering the State Department's 2011 country report.

**PETITION FOR REVIEW DENIED.**