**Nelson Ismael ALVAREZ–ENRIQUEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73221.

United States Court of Appeals, Ninth Circuit.

Submitted May 8, 2007 *.

Filed May 24, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Russell J.E. Verby, Esq., Jennifer L. Lightbody, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD and PAEZ, Circuit Judges, and HART **, District Judge.

MEMORANDUM ***

Petitioner Nelson Ismael Alvarez–Enriquez, a native of Guatemala, entered the United States in 1994 without inspection and was told to keep the Immigration and Naturalization Service ("INS") informed of his address. He failed to do so. On October 4, 1994, after an order to show cause was entered but not served, Petitioner was ordered deported *in absentia*. Petitioner married a United States citizen in 1998 who filed an application to obtain a visa for him. The INS[1] approved an I–130 relative visa application, and a naturalization application filed on Petitioner's behalf by his wife is apparently still pending.

Petitioner moved to reopen his deportation proceedings because he did not re-

Jorge Guttlein, Esq., Aranda & Guttlein, New York, NY, for Petitioner.

** The Honorable William Hart, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

1. On March 1, 2003, the INS ceased to exist and its functions were transferred to the newly formed Department of Homeland Security. *Aguilera–Ruiz v. Ashcroft*, 348 F.3d 835, 835 n. * (9th Cir.2003).

ceive notice of the hearing. The Immigration Judge ("IJ") found that Petitioner had been adequately advised of the need to keep INS informed of his address, making *in absentia* proceedings proper. On February 11, 2002, the IJ denied the motion to reopen.

Petitioner appealed to the Board of Immigration Appeals ("BIA"). In addition to the argument made to the IJ, he contended that proceedings should be reopened pursuant to the BIA's *en banc* decision in *In re Velarde–Pacheco*, 23 I. & N. Dec. 253 (BIA 2002), holding that a motion to reopen based on a marriage after deportation may be granted in the exercise of discretion pending the adjudication of a visa petition. *Velarde–Pacheco* was decided after the decision of the IJ. The BIA adopted the decision of the IJ and dismissed the appeal without addressing the application of *Velarde–Pacheco*. There is no contention by Respondent that Petitioner fails to satisfy any of the criteria of *Velarde–Pacheco* or that the issue was inadequately raised before the BIA.

The BIA's decision to deny the motion to reopen deportation proceedings is reviewed for abuse of discretion. *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000). The decision of the BIA will not be disturbed unless it acted "arbitrarily, irrationally, or contrary to law." *Id.* (quoting *Eide–Kahayon v. INS*, 86 F.3d 147, 149 (9th Cir.1996)). "We review de novo the BIA's 'determination of purely legal questions regarding the requirements of the Immigration and Nationality Act.'" *Id.* (quoting *Arrieta v. INS*, 117 F.3d 429, 430 (9th Cir.1997)).

■ As long as the alien subject to deportation is sufficiently advised of the requirement to keep INS informed regarding his or her address and any changes, the burden is on the alien to provide current and updated information to INS. *See* 8 U.S.C. §§ 1252b(a)(1)(F), (c)(1)–(3) (1995);[2] *Dobrota v. INS*, 311 F.3d 1206, 1210–11 (9th Cir.2002). *See also Singh v. Gonzales*, 412 F.3d 1117, 1122 (9th Cir. 2005) (applying current provisions in 8 U.S.C. §§ 1229 & 1229a). There is no dispute that Petitioner was provided sufficient notice of the requirement to apprise INS of his address and there is also no dispute that he failed to provide any address to INS. Under those circumstances, an *in absentia* order of deportation may be issued without attempting to serve notice on the alien. *See* 8 U.S.C. § 1252b(c)(2); *In re Villalba–Sinaloa*, 21 I. & N. Dec. 842, 844–45 (BIA 1997).

■ "[T]he BIA [is] not free to ignore arguments raised by a petitioner." *Barroso v. Gonzales*, 429 F.3d 1195, 1208 (9th Cir.2005) (quoting *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir.2005)). It is an abuse of discretion not to address an issue raised by a petitioner. Accordingly, we remand this case to the BIA to consider Petitioner's unaddressed argument regarding *Velarde–Pacheco*.

Petition DENIED in part, GRANTED in part, and REMANDED for further proceedings.

---

**2.** Because Petitioner's deportation proceedings were pending prior to April 1, 1997, the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") apply to this appeal. *Kalaw v. INS*, 133 F.3d 1147, 1149–50 (9th Cir. 1997).