**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 10 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NELSON ISMAEL ALVAREZ-ENRIQUEZ,<br><br>                  Petitioner,<br><br> v.<br><br> ERIC H. HOLDER Jr., Attorney General,<br><br>                  Respondent. | No. 07-74624<br><br>Agency No. A072-990-277<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2009[**]
Pasadena, California

Before: REINHARDT, TROTT and WARDLAW, Circuit Judges.


    Nelson Alvarez-Enriquez (Alvarez) is a native and citizen of Guatemala.  An

Immigration Judge (IJ) denied his motion to reopen his in absentia deportation

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        [**]    The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

proceedings and the Board of Immigration Appeals (BIA) affirmed.  He petitions

this court for review.  Because the BIA did not abuse its discretion by affirming the

IJ, we deny the petition.

Alvarez was ordered deported in absentia in 1994.  In 2001, he filed a

motion to reopen his deportation proceedings and rescind his in absentia removal

order on the ground that he did not receive notice of his hearing.  The IJ found that

he was not entitled to notice because he had failed to provide an address to INS.

The IJ thus denied the motion.  Alvarez appealed to the BIA.  On appeal, in

addition to the notice argument, he argued that his motion to reopen should be

granted to allow him to adjust status based on his 1998 marriage to a U.S. citizen.

He relied on *In re Velarde-Pacheco*, which was issued after the IJ's decision.  23 I.

& N. Dec. 253 (BIA 2002) (en banc) (identifying the conditions under which a

motion to reopen to apply for adjustment of status based on a marriage entered into

after the initiation of deportation proceedings may be granted).

The BIA affirmed the IJ's decision that Alvarez was not entitled to notice of

his hearing and denied his appeal without addressing his argument regarding

*Velarde-Pacheco*.  On appeal, we concluded that Alvarez's in absentia order of

deportation was properly issued because he had not provided INS with his address

and thus was not entitled to notice.  *See Alvarez-Enriquez v. Gonzales*, 236 Fed.

Appx. 260 (9th Cir. 2007) (unpublished disposition). However, we remanded because the BIA abused its discretion in failing to address Alvarez's argument under *Velarde-Pacheco*. On remand, the BIA again denied Alvarez's appeal.

This petition is governed by the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). *See Kalaw v. INS*, 133 F.3d 1147, 1150 & n.4 (9th Cir. 1997) (stating that transitional rules apply to cases in which deportation proceedings were pending before April 1, 1997 and a final deportation order was filed after October 30, 1996). We have jurisdiction pursuant to 8 U.S.C. § 1105a (1995), as modified by IIRIRA § 309(c)(4). We review the BIA's decision to affirm an IJ's denial of a motion to reopen for abuse of discretion. *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir. 2000).

The only issue before the BIA was whether Alvarez's motion to reopen should be granted pursuant to *Velarde-Pacheco*. The BIA denied the motion because it failed to satisfy the first *Velarde-Pacheco* condition: timeliness. *Velarde-Pacheco*, 23 I. & N. Dec. at 256. Because Alvarez was ordered deported in 1994, he was required to file his motion on or before September 30, 1996 to

satisfy *Velarde-Pacheco*'s timeliness requirements.[1]  *See* 8 C.F.R. § 1003.2(c)(2) (motion to reopen must be filed within 90 days of final removal order or on or before September 30, 1996, whichever is later).  Alvarez does not contest that his motion was filed well after that date.

Alvarez argues on appeal that his motion cannot be denied as untimely because he did not receive notice of his deportation hearing.  However, that argument is precluded by our prior disposition in this case, in which we held that Alvarez was not entitled to notice because he failed to provide his address to INS.  *Alvarez-Enriquez,* 236 Fed. Appx. at 262.  Therefore, the BIA did not abuse its discretion by denying Alvarez's appeal.

---

[1]Generally, a motion to reopen and rescind an in absentia removal order may be granted only upon a showing that exceptional circumstances prevented the petitioner from appearing at the hearing or that the petitioner was entitled to but did not receive notice of the hearing.  The applicable regulation for such motions is 8 C.F.R. § 1003.23(b)(4)(ii).  However, under certain conditions, a motion to reopen in absentia deportation proceedings to apply for a form of relief that was not available at the time of an in absentia deportation–such as adjustment of status, which was what Alvarez sought–may be granted subject to the general regulatory requirements for a motion to reopen, which are codified at 8 C.F.R. § 1003.2(c)(2). *See In re M-S*, 22 I & N Dec. 349 (BIA 1998).  The BIA apparently assumed for the sake of its decision that Alvarez's motion to reopen could be granted if it met *Velarde-Pacheco*'s requirements, although *Velarde-Pacheco* does not address in absentia removal orders, but rather motions to reopen removal proceedings at which the petitioner was present.

**DENIED.**